UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TIG INSURANCE COMPANY OF MICHIGAN,

        Plaintiff,

  v.

VISION SERVICE PLAN, individually and dba ALTAIR EYEWEAR, INC., ALTAIR EYEWEAR, INC.,

        Defendants.

NO. CIV. S 05-0492 MCE GGH

MEMORANDUM AND ORDER

----oo0oo----

In this action for declaratory relief and rescission, Plaintiff TIG of Michigan ("TIG") seeks a judicial determination that there is no coverage available to Defendants Vision Service Plan and its subsidiary, Altair Eyewear, Inc. (hereinafter collectively referred to as "Defendants" or "VSP") pursuant to a Directors, Officers and Trustees Liability Policy issued by TIG to VSP. According to TIG, VSP made certain misrepresentations in connection with its application to TIG for insurance coverage

1

that justify rescission of the policy.  The jurisdiction of this court is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332.  VSP now moves to dismiss TIG's complaint on grounds of improper venue in accordance with Federal Rule of Civil Procedure 12(b)(3).[1]  For the reasons set forth below, VSP's Motion to Dismiss is denied.[2]

## BACKGROUND[3]

Following application by VSP, TIG issued a Directors, Officers and Trustees Liability Policy, No. 39250874 ("the policy") to VSP effective January 9, 2002.  That policy provided entity coverage for certain "wrongful acts", as defined by the policy to TIG and its subsidiaries, including Altair Eyewear, Inc. ("Altair").

In August of 2002, Altair was sued for patent infringement. The defense of that lawsuit was tendered to TIG, who initially accepted that tender but ultimately filed the instant action to rescind its policy.  According to the instant complaint, that action was undertaken once TIG determined that VSP knew about the patent infringement claims asserted against Altair yet failed to disclose that information its its application.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

[3] The facts set forth in this section come directly from TIG's complaint unless otherwise noted.

2

1 Through the present motion, VSP seeks to dismiss TIG's
2 complaint on grounds that an alleged forum-selection clause
3 contained within the TIG policy allows VSP, and not TIG, to
4 select the forum for litigating any suit.  The clause identified
5 by VSP, which is denominated by the policy as a "Service of Suit
6 Endorsement", provides as follows:

> **We** agree that if **we** fail to pay any amount claimed to be due under the Policy **we** will, at **your** request, submit to the jurisdiction of any court of competent jurisdiction in the United States of America and **we** will do whatever is necessary to give that Court jurisdiction, and all matters arising under this policy will be determined in accordance with the law and practice of that Court.

11 Policy, attached as Exhibit 2 to the Declaration of David E.
Wood, Service of Suit Endorsement (emphasis in original).

13 VSP claims that this clause allows it to elect where any
14 suit to determine rights under the policy is filed, irrespective
15 of whether such an action is commenced by VSP or by TIG.  VSP has
16 consequently filed a motion to dismiss for improper venue given
17 that argument, and also has filed, subsequent to VSP's instant
18 lawsuit, its own action in the Superior Court of the State of
19 California in and for the County of Sacramento.  VSP identifies
20 Sacramento County as its choice of venue, and contends that TIG
21 must honor that choice even with respect to the filing of its own
22 lawsuit.  (*See* Defendants' Opening Points and Authorities, 2: 20-
23 26).

24 TIG, on the other hand, claims that the forum selection
25 clause applies only to an action commenced by VSP, and does not
26 require it to file suit against VSP in a venue selected by VSP.
27 //
28 //

**STANDARD**

Rule 12(b)(3) allows a party to move for dismissal on grounds of improper venue.  That rule governs a motion to dismiss, like that presently before this Court, premised on enforcement of a forum selection clause.  Argueta v. Banco Mexicano, S.A., 67 F.3d 320, 324 (9th Cir. 1996); *see also* Offshore Sportwear, Inc. v. Vuarnet Int'l, B.V., 114 F.3d 848, 851 (9th Cir. 1997) ("We treat dismissal based on a forum selection clause like a dismissal for improper venue under Rule 12(b)(3)").

**ANALYSIS**

While the Ninth Circuit has yet to address the specific Service of Suit Endorsement at issue in this case, which VSP asserts allows them to choose venue in any proceeding regarding the TIG policy, other courts have uniformly rejected VSP's interpretation in that regard.

In Int'l Ins. Co. v. McDermott Inc., 956 F.2d 93 (5th Cir. 1992), the Fifth Circuit analyzed a service of suit provision nearly identical to that contained in the TIG policy at issue herein.  Like the clause in TIG's policy, the language assessed by the McDermott court stated that in the event of the failure to pay benefits due under the policy, the insurer agreed to "submit to the jurisdiction of any court of competent jurisdiction within

4

the United States...." Id. at 95.  In McDermott, like here, the insured argued that this clause permitted it to mandate the venue of any action concerning the policy, even if instituted by the insurer.  The Fifth Circuit, after describing the clause at issue as "common in insurance policies", reversed the district court's dismissal of the insurer's action based on that contention, pointing out that "when the action is first instituted by the insurer, the Service of Suit clause simply has no application." Id. at 95-96.  McDermott rejected as "untenable" just what VSP has done here, stating as follows:

> "If McDermott's position were to prevail, then the insured could effectively block an otherwise valid federal action simply by a later filing in state court.  Indeed, under McDermott's absolute reading of the clause, McDermott might not even be required to respond to a declaratory judgment or other action filed against it by the insurer.  McDermott could simply choose another forum, file suit, and have the insurer's action stayed of dismissed.  McDermott would thus make the Service of Suit clause by which the insured could deprive the insurer of its right to seek a declaratory judgment or other redress from the courts.  The Service of Suit clause certainly was not so intended."

Id. at 96.

    This same conclusion has been mirrored in decisions throughout the country interpreting whether an insurer's agreement to "submit" to the jurisdiction of any court, upon a failure to pay benefits, equates with the carrier being bound by the insured's choice of forum where the carrier itself files an action in declaratory relief to ascertain whether any policy benefits are in fact payable. *See, e.g.*, Northfield Ins. Co. v. Odom Indus., Inc., 119 F. Supp. 2d 631, 634-35 (S.D. Miss. 2000); Int'l Surplus Lines Ins. Co. v. Univ. of Wyoming Research Corp. 850 F. Supp. 1509, 1528 (D. Wyo. 1994) ("if the litigation is

5

initiated by the insurer, then the service of suit clause is irrelevant"); Cinergy Corp. v. St. Paul Surplus Lines Ins. Co. 785 N.E.2d 586, 595-96 (Ind. Ct. App. 2003) (service of suit clause does not preclude an insurer from filing an action to adjudicate its rights under the contract or from prescribing the forum for such an action).[4]

This Court finds the rationale employed by these decisions persuasive with respect to its interpretation of the service of suit clause contained within TIG's policy.  While the clause does obligate TIG to submit to the insured's choice of venue if the insured sues to recover benefits allegedly due under the policy, it does not preclude TIG from filing its own action to adjudicate coverage in a venue of its choosing.  VSP's Motion to Dismiss on grounds of improper venue is accordingly denied.

Significantly, although the Ninth Circuit has yet to squarely address this issue, case law within the circuit interpreting similar forum selection clauses supports the conclusion that VSP's motion lacks merit.  As the court pointed out in Koresko v. RealNetworks, Inc., 291 F. Supp. 2d 1157, 1161 (E.D. Cal. 2003), for example, language employed in such a clause is enforceable only when it "clearly designates the forum chosen as the exclusive forum", as opposed to non-mandatory language which "will not preclude suit elsewhere."

The Ninth Circuit has enforced forum selection clauses which

---

[4] The Court rejects any inference to the contrary in Rokeby-Johnson v. Kentucky Agr. Energy Corp., 108 A.D.2d 336 (N.Y.A.D. 1985), a decision which appears to have been overruled by Columbia Cas. Co. v. Bristol-Myers Squibb Co., 215 A.D.2d 91 (N.Y.A.D. 1995) in any event.  See Brooke Group Ltd. v. JCH Syndicate 488, 87 N.Y.2d 530, 534 (1996).

6

clearly set forth exclusive venue provisions.  The interpretation of such clauses are procedural issues to be decided under federal law.  <u>Vogt-Nem, Inc. v. M/V Tramper</u>, 263 F. Supp. 2d 1226, 1230 (N.D. Cal. 2002).  In <u>Murphy v. Schneider Nat'l, Inc.</u>, 362 F.3d 1133 (9th Cir. 2004), the Ninth Circuit approved as mandatory and enforceable a provision that all suits "shall be instituted <u>exclusively</u> in the Circuit Court of Brown County, Wisconsin." <u>Id</u>. at 1136 (emphasis added).   Similarly, in <u>Spradlin v. Lear Siegler Mgmt. Services Co.</u>, 926 F.2d 865 (9th Cir. 1991), the enforceable language at issue called for Saudi Arabian courts to have "<u>sole</u> jurisdiction over any dispute" arising out of the employment agreement at issue in that case.  <u>Id</u>. at 866 (emphasis added).

In the present matter, no similarly limiting language is present; TIG agrees to "submit" to the jurisdiction of the United States courts but there is no provision obligating the exclusive use of any given court, let alone any provision allowing VSP to dictate where coverage actions instituted by VSP itself are instituted.  "To be mandatory, a (forum selection) clause must contain language that clearly designates a forum as the exclusive one."  <u>Northern California District Counsel of Laborers v. Pittsburgh-Des Moines Steel Co.</u>, 69 F.3d 1034, 1037 (9th Cir. 1995).  The absence of such mandatory language in the present case means that TIG's clause is permissive in nature, and hence will not stop TIG from suing in a venue it has chosen.
//
//
//

Koresko, 291 F. Supp. 2d at 1162.[5]

**CONCLUSION**

Based on the foregoing, Defendant VSP's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.

DATED: August 31, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5] Despite VSP's argument to the contrary, there appears to be no basis for its argument that TIG should have provided advance notice before filing the present action for declaratory relief, and that TIG's failure to do so amounts to gamesmanship precluding it from choosing this Court as the forum for that action.