IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIG INSURANCE COMPANY
OF MICHIGAN,

    Plaintiff,

  vs.                                      CIV-S-05-0492-MCE GGH

VISION SERVICE PLAN,
et al.,
                                              <u>ORDER</u>

    Defendants.
_____/

        Before the court is VSP's ex parte application to vacate order compelling production of documents, filed January 19, 2006.[1]  The court held a telephone conference on January 20, 2006 to address the application.  Both parties appeared by telephone.  Because the application required the court to examine the motion for reconsideration, filed January 13, 2006 and set for hearing on February 16, 2006, the court has determined to address the motion at this time.

\\\\\

\\\\\

---

[1] On January 13, 2006, VSP filed a motion for reconsideration before the undersigned, and noticed it for hearing on February 16, 2006.

1

BACKGROUND

At issue is this court's January 4, 2006 order which compelled VSP to produce 70 pages of documents under the theory that the attorney-client privilege had been waived by production of these documents to an adversary (Aspex) in an underlying litigation, <u>Aspex Eyewear, Inc. v. Altair Eyewear, Inc.</u>, a patent infringement action in New York.  The order declined to address other theories of waiver based on its finding that all documents were produced to Aspex, and that <u>McKesson HBOC, Inc. v. Superior Court</u>, 115 Cal. App. 4th 1229, 1236, 9 Cal. Rptr. 3d 812, 817 (2004) applied to the motion to compel.

In its motion for reconsideration, set for a February 16, 2006 hearing, VSP takes issue with the court's factual[2] finding that all documents at issue were previously produced to Aspex in the underlying  litigation.  The court stated in its order,

> At hearing after some discussion, counsel for both parties represented that 'substantially' all documents at issue in the instant motion were previously produced to Aspex in the underlying litigation subject to a protective order.  The parties did not identify any disputed documents herein which were not previously disclosed.  Therefore, for purposes of this motion, this court finds that *all* documents which are the subject of this motion were previously produced to Aspex.  <u>See</u> Joint Statement, Exhs. B and C.

Order, filed January 4, 2006, at 6.[3]

\\\\\

\\\\\

---

[2]  VSP intends to object to this court's legal determination in a later filing with the district court, to be brought under Fed. R. Civ. P. 72.  The undersigned intimates no opinion herein concerning the timeliness of such a motion.

[3]  At hearing on December 22, 2005, VSP's counsel stated: "[a]ll documents subject to counsel's motion were produced."  Later VSP's counsel stated: "For purposes of this hearing, we concede that "substantially all [privileged documents were produced]."  Taking into account all factual assertions, the undersigned made a finding that VSP was not contesting that it had turned over all privileged documents at issue in the underlying Aspex litigation.  While VSP did not have the burden of proof to determine whether a waiver had actually taken place, it certainly had a burden of production in relating to the court what documents *it* had turned over to Aspex.

VSP now states that new and different facts which were not presented to the court earlier are that not all of the subject documents were produced in the underlying litigation, and the reasons why this information was not discovered earlier.

The current ex parte application seeks resolution on whether the subject documents not produced in the underlying litigation should alone not be produced pending the outcome of the motion for reconsideration, or whether all documents which are the subject of the motion to compel can be withheld from production pending a court order on the motion for reconsideration. VSP argues that all subject documents should not be produced at this point in order to maintain the status quo, and thus requests that the January 4th order be vacated. TIG takes the position that the documents already produced in the underlying litigation should be immediately produced. In order for this court to decide the ex parte application, it must necessarily review the motion for [factual] reconsideration. Based on that review, the court has decided to resolve both the ex parte application and motion for [factual] reconsideration in this opinion.

DISCUSSION

Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L. R. 78-230 (k); see United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997) (citing Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied, 508 U.S. 951, 113 S. Ct. 2443, 124 L. Ed. 2d 661 (1993)) (Reconsideration appropriate for a change in the controlling law, facts, or other circumstances, a need to correct a clear error, or a need to prevent manifest injustice). "After thoughts" or "shifting of ground" are not appropriate bases for reconsideration. Fay Corp. v. BAT Holdings I, Inc., 651 F. Supp. 307, 309 (W.D.Wash.1987), aff'd, 896 F.2d 1227 (9th Cir.1990). The standards "reflect[ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal.1991).

1          VSP proposes two reasons supporting their claim of new or different facts and
2  why they were not presented to the court earlier.  First, it claims that it did not receive TIG's
3  portion of the joint statement until December 13, 2005, two days before it was due.  Second, it
4  asserts that logistical challenges existed in coordinating production of documents in this
5  litigation and the underlying litigation which made it difficult to determine exactly which
6  documents had not been produced.
7          First, although it may be true that VSP did not receive TIG's portion of the Rule
8  251 statement until two days before it had to be filed, VSP conceded during the phone
9  conference that it knew of TIG's theory and reliance on McKesson HBOC, Inc v. Superior Court,
10  115 Cal. App. 4th 1236, 9 Cal. Rptr. 3d 812, 817 (2004), for quite some time before receiving
11  TIG's draft.  TIG's counsel stated that their meet and confer letter was sent to VSP "much
12  earlier" and their positional statement was basically cut and pasted from the meet and confer
13  letter. An e-mail from Chip Cox to Jeffrey Kiburtz, dated December 12, 2005, states that "we
14  will not make any arguments that were not made in our prior letter, so you should be able to
15  outline your arguments in anticipation of receiving the draft Joint Report."  Exh. D to Kiburtz
16  Decl., filed January 13, 2006.  Kiburtz acknowledged that VSP had a general idea of TIG's
17  position as cited in the e-mail, but they were not aware of the specifics.  Id.  Therefore, VSP was
18  on notice of TIG's position long before the two days prior to filing their joint statement.
19          Second, VSP argues that it was under great pressure to produce a large quantity of
20  documents by December 13, 2005, which required approximately 30,000 pages of documents to
21  be sent from VSP's Rancho Cordova and Seattle offices to counsel in Ventura for privilege
22  review.  Some of the subject documents were not Bate Stamped but their duplicates were.  Other
23  subject documents which were not responsive to the underlying document requests were not Bate
24  Stamped in the underlying litigation and were not sent to VSP, thus making it difficult to confirm
25  that they had not been produced in the underlying litigation.  It was only after the court's January
26  \\\\\

4th order that VSP sent subject documents to Davis Wright Tremaine and requested confirmation of documents produced in the underlying litigation.

Although it appears that some of the subject documents were not responsive to document requests in the underlying litigation, it is unclear why VSP found it so difficult to check 70 pages of documents.  VSP appears to be trying to confuse the expense and burden of having to sift through 30,000 to 50,000 pages of documents responsive to a document request with the separate issue of checking only 70 pages of documents clearly identified in its privilege log which was produced to TIG on November 10, 2005.  Exh. A to Kiburtz Decl.

Moreover, although the attorney client privilege must be waived by the client, VSP's counsel at hearing had the authority to speak for his client when he stated that "substantially" all documents were produced, leading the court to make the finding that all documents at issue had in fact been produced.  Therefore, counsel's statement at hearing also constituted a waiver.

This court finds that VSP's proffer of new or different facts is not sufficient to revisit this court's prior order.

CONCLUSION

Accordingly, IT IS ORDERED THAT:

1. VSP's ex parte application to vacate this court's January 4, 2006 order, filed January 19, 2006, is denied;

2. VSP's motion for [factual] reconsideration, filed January 13, 2006, is denied as set forth above, and the February 16, 2006 hearing is vacated.

3. Because VSP has not moved for legal consideration of the January 4, 2006 order, it is now ordered to produce all documents in compliance with that order.

DATED: 1/24/06                              /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076 - TIG0492.rec.wpd